## Case No. 12,483c.

### SCHUCHARDT v. The ANGELIQUE.

[N. Y. Times, Oct. 3, 1855.]

Circuit Court, S. D. New York. Sept. 28, 1855.[1]

MARITIME LIENS—PRIORITY—MORTGAGES.

[1. Mortgage liens in admiralty have no superiority over subsequently created maritime liens.]

[2. Maritime liens are to be satisfied, as a general rule, in the order of the commencement of the suits in admiralty.]

[Appeal from the district court of the United States for the Southern district of New York.]

[This was a libel by Frederick W. Schuchardt and others against the proceeds of the ship Angelique. From a decree of the district court dismissing the libel (Case No. 12,483a), libelants appealed.]

In admiralty.

---

[1] [Affirming Case No. 12,483a. Decree of circuit court affirmed by supreme court, in 19 How. (60 U. S.) 239.]

This case, as will be recollected, was a suit brought by the libelants, as mortgagees of one-half of the ship, to obtain an attachment upon one-half of the proceeds of the ship, which had been sold at marshal's sale in suits brought by material men, passengers, etc. Judge Betts, in the court below, gave a decree dismissing the libel, with costs. [Case No. 12,483a.] The questions in the case were interesting in themselves, and were rendered yet more so by a subsequent decision rendered by Judge Hall, in the Northern district of this state, in which the question of the rights of mortgagees upon vessels came up, and in which Judge Hall expressed different views from those held by Judge Betts on the subject.

Mr. Cutting, for appellants.

E. C. Benedict, for the appellees.

Before he had finished his argument, however, NELSON, Circuit Justice, said that the principles involved in the case were very important, and rendered it desirable that it should be brought before the supreme court at Washington; that he had no hesitation in saying, without, however, intending to bind himself to these views if the case should be brought up before the supreme court, that his impression was that he should, if he were to decide the case, hold, with Judge Hall, that a mortgage interest could have no superiority over other subsequent liens, but, with Judge Betts, that liens created either by the maritime law or a state statute, must be treated by the courts of admiralty, whenever they come before it as maritime liens, and were to be satisfied and paid off in the order of the commencement of the suits; that, if it was deemed desirable to carry the case to Washington, he would now affirm the decree of the court below, from which the libelants could appeal to the supreme court. This course seemed best to all concerned, and a decree was entered affirming the decree of the district court, dismissing the libel, with costs. An order was also made directing that the fund in question, being one-half of the proceeds of the ship, be brought up from the district court, and invested by the clerk of the circuit court in the United States Trust Company.

[On appeal to the supreme court, the decree of this court was affirmed. 19 How. (60 U. S.) 239. See note to Case No. 12,483b.]